## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IMPERIAL PARK, LLC and, ) <br> RERUN OF TENNESSEE, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PENN-STAR INSURANCE COMPANY, ) <br> and/or its parent, ) <br> GLOBAL INDEMNITY GROUP, INC., ) <br> ) <br> **Defendants.** ) | Civil Action No. 3:14-CV-0609 <br><br> JURY DEMAND <br><br> Judge Trauger <br> Magistrate Judge Bryant |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION:     The court has jurisdiction pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1332, and 28 U.S.C. § 1333.

B.     BRIEF THEORIES OF THE PARTIES:

1)     PLAINTIFF:

Plaintiffs are two closely held LLC's, where Imperial Park, LLC (hereinafter "Imperial Park") owns a manufacturing facility and ReRun of Tennessee, LLC (hereinafter "ReRun") processes and manufactures recyclable materials and substances. The manufacturing site is located at 1001 Rosemont Terrace, Smyrna, Tennessee 37167.

On June 15, 2011, a tornado substantially damaged the building. Plaintiff Imperial Park was covered for property damage with the Defendant

1

Penn-Star Insurance Company (hereinafter "Penn-Star") and the parties disputed the costs of replacing the damage to the facility. Under the policy, Imperial Park was required to obtain authority from Penn-Star to fully expend monies to replace the damaged property. Imperial Park alleges that Penn-Star deliberately withheld its approval for reasonable replacement costs. Despite Imperial Park's cooperation, Penn-Star has delayed approval of the payment of the full cost to replace the damaged property.

In the meantime, because of the Penn-Star's unreasonable delay, ReRun has and is continuing to be damaged because of its loss of use of the property, and because Penn-Star has not paid it for work performed and authorized by Penn-Star. The Plaintiffs' Verified Complaint is a talking complaint and the specific facts and events of this case are set forth in ¶'s 5-60. All of these facts and events are grounded in one simple proposition, *i.e.,* that Penn-Star from the very beginning of the adjustment period breached its contract of insurance to reasonably approve a replacement plan supported by a structural design engineer, and its continued failure to do so made it impossible for the Plaintiffs to replace the damaged building. This core breach creates the causes of action set forth in the Verified Complaint to include Breach of Contract with Respect to Contract for Insurance, Breach of Contract, Bad Faith and Refusal to Pay, Negligence, Misrepresentation and Fraud, Claim for Punitive Damages, Unjust Enrichment and/or Quantum Meruit, Tennessee Consumer Protection Act, Duty of Good Faith and Fair Dealing, Equitable Relief and Constructive Trust.

With respect to damages, it is Imperial Park's theory that it is entitled to recover up to and including policy limits its commercial property policy and the 25% bad faith damage. It is ReRun's theory of damages that it is entitled to recover its damages based on its status as a third-party beneficiary of Imperial Park's commercial policy, its separate breach of contract claims, and its recovery under Imperial Park's general liability policy. Both Plaintiffs are alleging that the Defendants engaged in intentional, reckless and fraudulent conduct which would support their claim for punitive damages. Finally, both Plaintiffs are alleging equitable relief seeking a constructive trust to make them whole.

Both Plaintiffs adopt those theories and liability and recovery of damages that are more specifically set forth in their Verified Complaint.

2) DEFENDANT:

On June 15, 2011, there was a storm that damaged a portion of the building located at 783 14th Avenue, Smyrna, Tennessee owned by Imperial Park, LLC. Penn-Star Insurance Company insured Imperial Park, LLC under the insurance policy from issued by Penn-Star Insurance Company, policy number PAC6895329. Global Indemnity Group, Inc. did not issue the policy and should not be a defendant.

Imperial Park, LLC and ReRun of Tennessee, LLC are two separate, but closely held corporations. ReRun of Tennessee, LLC was the tenant in the

building located at 783 14th Avenue, Smyrna, Tennessee. However, ReRun of Tennessee, LLC was not a named insured or additional insured under the insurance policy from issued by Penn-Star Insurance Company, policy number PAC6895329. Penn-Star Insurance Company denies that ReRun of Tennessee, LLC is a party and/or a third-party beneficiary to the insurance policy from Penn-Star Insurance Company.

After June 15, 2011, Penn-Star Insurance Company began to adjust the claim and numerous adjusters, construction personnel, contractors, subcontractors, engineers, and others have examined the building at various times. There are and will be many witnesses and experts involved in this case.

On or about September 16, 2011 Penn-Star Insurance Company issued an initial check for $622,559.93 and has issued several other checks to Imperial Park, LLC thereafter at various times. Among the other checks, a total of $200,000.00 was also paid as the limit available under the Business Income/Extra Expense portion of the policy.

Further, it was determined that the replacement cost for the damages to the property based upon an estimate completed by Robins & Morton was $1,779,256.06. Based on that estimate, additional checks necessary to reach a total Actual Cash Value Payment of $1,152,569.29 were issued and Imperial Park, LLC was informed that the difference up to the $1,779,256.06 figure was potentially recoverable if Imperial Park, LLC actually repaired the building.

Even though the above described payments have been made, Imperial Park, LLC has not repaired the building and has filed the above captioned suit.

Penn-Star Insurance Company denies that it has acted in bad faith, believes that the loss has been properly adjusted, and that the suit and the plaintiffs' claims should be dismissed.

C.   ISSUES RESOLVED:   Jurisdiction and venue.

D.   ISSUES STILL IN DISPUTE:   Liability and damages. The Defendants have not responded to Plaintiffs'' Request to Produce Documents which were served with the Summons and the Verified Complaint.

 The defendants assert that Global Indemnity Group, Inc. is not a proper party to the case and should be dismissed; that the Complaint may be partially or completely time-barred, that ReRun of Tennessee, LLC is not an insured under the applicable policy; that the plaintiffs' Tennessee Consumer Protection Act claims are barred and should be dismissed; that the punitive damages claim should be dismissed; that proper payments have been made in excess of $1,000,000.00; the value and compensability of the loss beyond the payments and adjustment that has already been made, the other various affirmative defenses that have been asserted and basic liability and damages. The Plaintiff Imperial Park contends that it is entitled to specific performance and may seek extraordinary relief to include an evidentiary hearing in support of that remedy. In aid of this decision, Imperial Park seeks an Order from the Court permitting it to take the deposition of the primary adjuster within 60 days of the entry of this Order.

E.  INITIAL DISCLOSURES: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures by May 13, 2014.

F.  DISCOVERY: The parties have not sent written discovery yet, other than a request for production of documents sent by the plaintiffs. There are numerous witnesses, documents, and experts involved in this case. Written discovery shall be propounded by June 30, 2014, with the exceptions of admissions, which shall be allowed thereafter to attempt to define and narrow issues, facts, and matters in dispute.

Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. All fact witness depositions shall be completed by December 12, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court.

G.  MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before September 1, 2014.

H.  DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 31, 2015. The defendant shall identify and disclose all expert witnesses and reports on or before June 20, 2015.

I.  DEPOSITIONS OF EXPERT WITNESSES:   The parties shall depose all expert witnesses on or before August 29, 2015.

J.  JOINT MEDIATION REPORT:   The parties shall file a joint mediation report on or before January 31, 2015.

K.  DISPOSITIVE MOTIONS:   The parties shall file all dispositive motions on or before September 30, 2015.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.  ELECTRONIC DISCOVERY.  The parties have reached agreements on how to conduct electronic discovery.  Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.  ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 4 days

It is so **ORDERED.**

_(signature)_
**ALETA A. TRAUGER**
U.S. District Judge

**APPROVED FOR ENTRY**:

_____
**Bob Lynch, Jr. (BPR #006298)**
222 Second Avenue, North
Suite 316
Nashville, TN 37201
(615) 255-2888
office@boblynchlaw.com
*Attorney for Plaintiffs*

**SPICER RUDSTROM PLLC**

_____
**Michael J. Vetter, Sr.**
**BPR# 13642**
Bank of America Tower
414 Union Street, Suite 1700
Nashville, Tennessee 37219-1823
(615) 259-9080 telephone
(615) 259-1522 facsimile
mjv@spicerfirm.com
*Attorney for Defendants*